## L. L. McCANDLESS v. MARSTON CAMPBELL, SUPERINTENDENT OF PUBLIC WORKS OF THE TERRITORY OF HAWAII.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED NOVEMBER 1, 1910.            DECIDED NOVEMBER 17, 1910.

HARTWELL, C.J., PERRY AND DE BOLT, JJ.

MANDAMUS—*agreement to pay sewer rates.*

 It is within the statutory powers of the superintendent of public works to require an applicant for sewer connections to agree to "pay such rates annually for the use of the sewer as may be fixed."

### OPINION OF THE COURT BY HARTWELL, C.J.

This is an appeal by the plaintiff from a judgment dismissing his petition for a writ of mandamus to compel the superintendent of public works to grant his application to connect his premises on Nuuanu avenue with the sewer in Pauahi street in Honolulu, although in connection with the agreements on his part contained in the printed form of application, and to none of which he objects, he has erased the words "to pay such rates annually for the use of the sewer as may be fixed," his claim being that the statute does not authorize the requiring of such an agreement, and that its effect would be to give the superintendent arbitrary power in fixing sewer rates. This is the only objection to the form of the application which is presented for our consideration, and it appears from the pleadings that in other respects the form was entirely satisfactory

to the plaintiff. The petition was dismissed upon the granting of the defendant's motion to quash the alternative writ of mandamus.

We think that the limits of sewer rates are sufficiently defined by the statute, namely, that they "shall be fixed from time to time by the superintendent, subject to the approval of the governor, and shall be reasonably approximate to the cost of work done and material used," and "shall be fixed as nearly as reasonably may be, so that the entire yearly rates for sewer use shall not exceed the total yearly cost of maintaining and repairing the sewers, together with the yearly interest on the bonds representing the cost of the sewer system." Sec. 1036 R. L. The variable factors in the problem of rate fixing are the cost of connecting premises with the public sewer and of maintenance and repair of the sewers, individual assessments depending upon the number of users of the service and upon the amount of outstanding sewer bonds. It is obvious that these rates, depending upon these variable conditions, although determinable from year to year with approximate accuracy, cannot be fixed with any degree of permanence. Regarding the form of agreement as not open to the objection that it would authorize rates to be assessed arbitrarily, we think that requiring the agreement to be entered into is within the superintendent's statutory duty to superintend the connecting of premises with the public sewer (Sec. 1035 R. L), regulate the rates of charges for sewer use, subject to the governor's approval (Sec. 1036 R. L.), and to require the payment of the "charge for sewerage semi-annually in advance," the charges for sewer connections being payable to the superintendent on demand, to secure which payment he "may require a deposit in advance." (Sec. 1037 R. L.)

Judgment affirmed.

*W. S. Edings* for plaintiff.

*E. W. Sutton, Deputy Attorney General (Alexander Lindsay, Jr., Attorney General,* with him on the brief), for defendant.

McCandless v. Campbell, 20 Haw. 264.

CONCURRING OPINION OF PERRY, J.

The sole contention in support of the appeal is that the requirement of the inclusion in the application of the agreement to pay rates is not within the powers of the superintendent of public works and is unauthorized by law.

The following statutes relate to the general subject of sewers: "It shall be the duty of the Superintendent of Public Works, conforming to the requirements of the Board of Health, to direct and superintend the cleaning of the public streets and by-ways of any city, town or village in the Territory of Hawaii, the removal and disposal of garbage, dead animals and other nuisances therein, the cleaning of cesspools and connecting of premises with the public sewer in such city, town or village."—Sec. 1035 R. L., as amended by the Laws of 1905. "The rates of charges for such services and for use of the sewer shall be fixed from time to time by the superintendent, subject to the approval of the governor."—Sec. 1036 R. L. "The rates and charges in this chapter provided, for the collection of garbage, shall be payable to the superintendent quarterly, in advance, and the charge for sewerage semi-annually, in advance. Charges for cesspools, sewer connections and removal of animals and other nuisances, shall be payable on demand; and to secure such payment, the superintendent of public works may require a deposit in advance."—Sec. 1037 R. L. Section 1038 provides that the sewer rates shall be a lien upon the property connected, to attach "as of the date when said sewer rate or charge is due and payable to said superintendent of public works, as in this chapter provided." "District Magistrates shall have jurisdiction to hear and determine all civil actions, suits or proceedings brought by the Superintendent of Public Works for the collection and enforcement of collection and payment of all sewer rates or charges which may be assessed, as above set forth, notwithstanding the amount claimed.—Sec. 1039 R. L., as amended by Act 21 of the Laws

McCandless v. Campbell, 20 Haw. 264.

of 1905. Neither the constitutionality of any of these sections nor the validity of the rates fixed by the superintendent of public works is questioned in this case. The presumption must therefore be that the statutes are constitutional and the rates valid. The language of these sections shows clearly that it was the intention of the legislature to authorize the superintendent of public works not only to prescribe the rates to be charged for the use of the sewers but also to collect those rates, by suit if necessary. In my opinion this authorization also includes the implied power to make all reasonable rules and regulations not only concerning the making of connections with the sewers but also to facilitate the collection of the rates. A requirement from an applicant of an express agreement in writing to pay the rates, and thus facilitate their collection, is within those powers. The agreement under consideration in this case cannot be construed as an undertaking to pay rates arbitrarily assessed but merely as a promise to pay such rates as may be fixed in accordance with law. It is not unreasonable to ask an applicant who desires to connect his premises with the public sewer and who presumably intends to pay for its use as required by law to reduce his agreement to writing.

For these reasons I concur in the conclusion that the judgment be affirmed.